David Jay STERLING, Appellant,

v.

UNITED STATES of America, Appellee.

No. 92–1064.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 30, 1992.

Decided Feb. 3, 1993.

David Jay Sterling, pro se.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

David Jay Sterling, a federal inmate, appeals from the district court's order dismissing for failure to prosecute his action brought under the Federal Tort Claims Act (FTCA). We reverse and remand.

In June 1989, after exhausting his administrative remedies, Sterling filed this action in forma pauperis under the FTCA in the District Court for the Central District of California, against employees of the United States Bureau of Prisons at Leavenworth, Kansas (defendants). Sterling, who was then incarcerated at Lompoc, California, alleged that, while he was imprisoned at the U.S. Penitentiary at Leavenworth from 1987 to 1989, defendants negligently prescribed and encouraged him to ingest medications which caused him severe stomach and auditory pain. He also alleged defendants negligently failed to diagnose the cause of back pain he suffered. Sterling sought damages of twenty-five thousand dollars.

Sterling was transferred to the North Dakota State Penitentiary at Bismarck, North Dakota, in August 1989. He notified the California clerk's office of his change of address and moved to transfer the case to North Dakota. The California district court eventually transferred the case to the District of North Dakota on June 1, 1990. The California docket sheet indicates the clerk's office sent Sterling notice of the transfer. Also on June 1,

however, Sterling was transferred from North Dakota to Kansas.

On November 6, 1991, the district court summarily noted there had been no activity in the case for over one year and sua sponte ordered the case dismissed without prejudice for lack of prosecution. The district court subsequently denied Sterling's untimely motion for reconsideration, in which he asserted he did not know his case had been transferred.

Sterling now argues that he did not receive the notice from the California clerk's office informing him of the transfer. He submits copies of several letters he addressed to the California clerk's office between December 1989 and February 1990, asking that office to take action on his case. These letters are not in the district court file and the docket sheet does not indicate that the California clerk's office received or responded to them. He also supplies copies of documents showing that he sought a writ of mandamus from the Ninth Circuit in April 1990, and that the court denied the petition. He argues that, had he known of the transfer, he would have contacted the North Dakota clerk's office.

Generally, dismissals without prejudice do not preclude relitigation of the dismissed claims. In this situation, however, the dismissal without prejudice is equivalent to a dismissal with prejudice because Sterling filed his FTCA action within six months after the agency rejected his claim, the six-month period has now expired, and he may be unable to refile his action because he could offer no basis for equitable tolling. See 28 U.S.C. § 2401(b); Schmidt v. United States, 933 F.2d 639, 640 (8th Cir.1991). Therefore, we review this case under the same standard that we apply to dismissals with prejudice.

■ District courts have inherent power to dismiss sua sponte a case for failure to prosecute, and we review the exercise of this power for abuse of discretion. Fed. R.Civ.P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630–33, 82 S.Ct. 1386, 1388–90, 8 L.Ed.2d 734 (1962). Dismissals with prejudice are "drastic and extremely harsh sanction[s]." Clayton v. White Hall School Dist., 778 F.2d 457, 460 (8th Cir. 1985). Cases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action, Fletcher v. Southern Farm Bureau Life Ins. Co., 757 F.2d 953, 956 (8th Cir.1985) (per curiam), or where the plaintiff has consistently and wilfully failed to prosecute his claim. Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir.1984).

■ The documents provided by Sterling appear to provide an explanation for his failure to contact the North Dakota clerk's office regarding his case. They at least raise the possibility that Sterling did not act intentionally or willfully to delay his action. Because the district court should be given an opportunity to determine whether the dismissal should stand in light of these documents, we reverse and remand the case to the district court for an evidentiary hearing to ascertain the circumstances surrounding Sterling's failure to contact the North Dakota clerk's office.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.