**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brian Lee MOORE, a/k/a Mr.**
**B, Defendant–Appellant**
**(Two Cases).**

**Nos. 92–5042, 93–5316.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 10, 1993.

Decided May 24, 1994.

**ARGUED:** Dale Allen Buck, Jackson & Kelly, Martinsburg, WV, for appellant. Michael L. Keller, Asst. U.S. Atty., Charleston, WV, for appellee. **ON BRIEF:** Michael W. Carey, U.S. Atty., Paul A. Billups, Asst. U.S. Atty., Charleston, WV, for appellee.

Before RUSSELL and HALL, Circuit Judges, and KEELEY, United States District Judge for the Northern District of West Virginia, sitting by designation.

Vacated and remanded by published opinion. Judge K.K. HALL wrote the opinion, in which Judge RUSSELL and District Judge KEELEY joined.

**OPINION**

K.K. HALL, Circuit Judge:

Brian Lee Moore was convicted of various drug offenses and sentenced to 63 months

---

imprisonment. The district court entered the judgment order on October 8, 1991. Under Fed.R.App.P. 4(b), Moore had ten days, until October 18, to file a notice of appeal as of right. Upon a showing of excusable neglect, Moore could have filed an effective notice of appeal as late as November 18.[1]

On November 20, the district court received from Moore, then imprisoned at the Federal Prison Camp in Ashland, Kentucky, and represented by the federal public defender's office, a notice of appeal and a motion to file it within the excusable neglect period. Though Moore alleged that he handed the documents over to the prison authorities for mailing on November 12, the district court denied Moore's motion, holding that even if Moore could demonstrate excusable neglect, the notice could not have been considered filed until it reached the district court—two days too late.

Moore appealed (No. 92–5042), and we remanded to the district court for it to determine whether *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), applied to allow Moore's notice to be deemed filed upon its delivery to the prison authorities.[2] The district court held that *Houston*, which involved a prisoner representing himself in civil litigation, is inapplicable in a criminal proceeding where the prisoner is represented by counsel. Moore also appealed that order (No. 93–5316). Because we believe that *Houston* applies whenever a prisoner attempts to file a notice of appeal in a criminal case, we now vacate both orders on appeal and remand the case once more to the district court so that it may determine whether Moore's failure to file his notice of appeal within the initial ten-day period was the result of excusable neglect.

## I.

We note first that there is no reasonable basis for limiting the application of *Houston* to civil actions. *Houston* itself was premised upon fairness; indeed, the theme runs throughout Justice Brennan's majority opinion. If *Houston* stands for nothing else, it stands for the principle that it is unfair to permit a prisoner's freedom to ultimately hinge on either the diligence or the good faith of his custodians. The mechanism for obtaining that freedom—whether habeas petition or direct appeal—makes no difference.

We have previously extended the rule in *Houston* to govern complaints in civil rights actions mailed from prison just prior to the running of the limitations period. *Lewis v. Richmond City Police Dep't,* 947 F.2d 733 (4th Cir.1991). It would indeed be perverse to hold that *Houston* applies to maintain an action for civil damages, but does not apply when a prisoner's freedom is at stake.

## II.

Likewise, there is little justification for limiting *Houston*'s applicability to situations where the prisoner is not represented by counsel. Though *Houston* itself involved an unrepresented prisoner, the majority acknowledged that "[t]he situation of prisoners seeking to appeal without the aid of counsel is unique." *Houston,* 487 U.S. at 270, 108 S.Ct. at 2382. We note that whenever a prisoner attempts to file a notice of appeal from prison he is acting "without the aid of counsel," even if he is "represented" in a passive sense. The same concerns are present in either case. If, as we have supposed, it is possible that prison officials could choose to delay a prisoner's attempt to communicate with the courts, it is just as possible that they could choose to delay his access to counsel.

The government has expressed its concern that the rule we adopt today, because it applies only to incarcerated appellants, accords them an unfair advantage over those appellants fortunate enough to remain free on bond pending appeal. We disagree. This decision in no way abridges the appellate rights of non-incarcerated appellants. Requiring the clerk of a district court to wait a

---

1. Rule 4(b) provides, where excusable neglect is shown, a thirty day extension from the end of the initial ten-day period. Thus, Moore would have had to note his appeal by November 17, but, because that date fell on a Sunday, the deadline extended to November 18. *See* Fed.R.App.P. 26(a).

2. In *Houston,* the Supreme Court held a prisoner's notice of appeal from a judgment dismissing his habeas corpus petition to have been filed upon its delivery to prison officials.

few extra days before receiving a notice of appeal from an incarcerated appellant, whether represented or not, does not offend our notion of fairness; we do not doubt that those appellants so situated would gladly trade those few extra days for the opportunity to timely deliver their notices in person.

### III.

We are aware that the Seventh Circuit has addressed this precise issue and reached the opposite conclusion. *See United States v. Kimberlin,* 898 F.2d 1262 (7th Cir.), *cert. denied,* 498 U.S. 969, 111 S.Ct. 434, 112 L.Ed.2d 417 (1990). Though the *Kimberlin* court seemed to assume that *Houston* would be applicable in the criminal context, it nevertheless distinguished *Houston* on the ground that Kimberlin, though filing his notice of appeal from prison, was represented by counsel.

We believe that our sister circuit has interpreted *Houston* too narrowly. The Supreme Court did not expressly limit *Houston*'s application to cases involving unrepresented prisoners, and the Seventh Circuit apparently did not consider the possibility that even represented prisoners might be prevented from timely communicating with counsel.

We therefore hold that *Houston* governs all notices of appeal filed by prisoners in a criminal proceeding, without regard to whether they are represented by counsel. There is simply no good reason to hold otherwise.[3]

The district court's orders finding that Moore's notice of appeal was outside the excusable neglect period and that *Houston v.*

*Lack* is inapplicable to Moore's case are vacated, and the case is remanded to the district court, which shall conduct a hearing to determine whether Moore's failure to meet the initial noticing deadline was the result of excusable neglect.[4]

*VACATED AND REMANDED.*

---

**3.** Our holding is consistent with the Supreme Court's recent amendment of Fed.R.App.P. 4 to include a new subsection (c), addressing inmate appeals. It reads, in pertinent part:

> If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid....

The new rule clearly applies to criminal cases, and does not distinguish between represented prisoners and those acting *pro se.* As the Advisory Committee intended the rule to be, in essence, a codification of *Houston, see* Note to subdivision

(c), we are confident that our interpretation of *Houston* is the correct one.

**4.** Moore claimed initially that he had not been informed of his right to appeal. The district court reviewed the sentencing transcript and, after determining that both Moore and his counsel had indeed been so informed, decided that Moore had not demonstrated excusable neglect. Moore admitted after this case was first remanded that he knew he had a right to appeal, and even instructed his attorney to file a notice, but that the attorney failed to follow through. Upon second remand, the district court must determine whether Moore's new assertions have a basis in fact and, if so, whether the facts as determined constitute excusable neglect.