26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Freddie FORD, Appellant,
v.
The CITY OF CAPE GIRARDEAU, Missouri, Appellee,
Frances E. RHODES, in his capacity as Mayor of the City of
Cape Girardeau; City of Cape Girardeau, Police Department;
J. Ronald Fischer, in his capacity as City Manager for the
City of Cape Girardeau; Howard Butch Boyd, Individually and
in his capacity as Chief of the Police for the City of Cape
Girardeau; David Limbaugh, in capacity as City Council
Member for the City of Cape Girardeau; Melvin Gateley, in
capacity as City Council Member for the City of Cape
Girardeau; Melvin C. Kasten, in capacity as City Council
Member for the City of Cape Girardeau; Doug Richards, in
capacity as City Council Members for the City of Cape
Girardeau; Al Spradling, III, in capacity as City Council
Members for the City of Cape Girardeau; Mary Wulfers, in
capacity as City Council Member of the City of Cape
Girardeau, Defendants.
 No. 93-3213.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 3, 1994.
Filed: June 16, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Freddie Ford appeals the district court's[1] dismissal of his race discrimination claim for failure to prosecute and failure to comply with a court order to provide discovery. We affirm.
 
 
 2
 On September 8, 1992, Ford, a police officer, filed a complaint in district court with the aid of counsel, alleging race discrimination in his employment with the City of Cape Girardeau, Missouri. Ford responded to one motion to dismiss on October 13, but did not respond to any other motions or discovery requests made by defendants. Ford also did not respond to the court's order compelling discovery and ordering him to show cause why sanctions should not be imposed.
 
 
 3
 On July 21, 1993, the court issued an order which, as amended nunc pro tunc, imposed sanctions and assessed attorney's fees in the amount of $300.01 and granted the motions to dismiss Counts I, II, and III with prejudice, and in the alternative as to Count III only, granted summary judgment in favor of all defendants except the City of Cape Girardeau.
 
 
 4
 With assistance of the same counsel, Ford appeals only the court's dismissal with prejudice of Count III and only as to the City of Cape Girardeau. He argues that his failure to respond to the court's orders was due to counsel's involvement in an unusually burdensome, eight-month trial, that he promptly gave his counsel handwritten answers to the interrogatories, and that dismissal with prejudice for failure to prosecute or comply with the court's orders was a harsh sanction which was uncalled for in this case. Ford argues that defendant City of Cape Girardeau did not demonstrate that it was prejudiced by his actions and that the monetary sanctions were a sufficient remedy.
 
 
 5
 We review the district court's dismissal of Ford's claim for damages against the City under Rule 37(b)(2) or 41(b) for abuse of discretion. Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992) (per curiam); Garland v. Peebles, 1 F.3d 683, 686 (8th Cir. 1993). Dismissal is warranted if the party's conduct was "in bad faith or deliberately intentional or willful," Boogaerts, 961 F.2d at 768, or "when there has been 'a clear record of delay or contumacious conduct by the plaintiff.' " Garland, 1 F.3d at 686 (quoting Brown v. Frey, 806 F.2d 801, 803 (8th Cir. 1986)). We find that the district court did not abuse its discretion in dismissing the complaint with prejudice. While dismissal with prejudice is a harsh sanction, see Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (per curiam), Ford's counsel does not explain why she did not respond to the court's order after her trial ended. The court first gave notice by ordering Ford to comply with discovery and issuing a show cause order. In addition, Ford's counsel received letters from opposing counsel urging a response. All total, five motions and orders went unanswered by Ford. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1984) (dismissed with prejudice for failure to answer interrogatories and a court order for four months). Counsel's extreme indifference to the court's order imposed a burden on the defendant and on the administration of justice. See Garland, 1 F.3d at 686. Although Ford's counsel appears to bear much of the responsibility for the failure to respond to interrogatories, orders, and motions, Ford is bound by the actions of his counsel. See Boogaerts, 961 F.2d at 768. Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri