Gary A. MILLER, all others similarly situated, Appellant,

v.

Dennis BENSON, Warden of MCF–OPH; Otis Zanders, resident program manager; Tom Morton, complex–2 cellhouse Lt.; Tom Grogan, industry program director; Guy Piras, industry program supervisor; Al Peterson, industry program supervisor; Larry Houle, industry shop foreman; Kevin Crowle, industry program shop foreman; John Doe, as a watch commander; John Doe, unknown at this time, "in their individual and official capacities," Appellees.

No. 94–1827.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 9, 1994.

Decided April 3, 1995.

Appellant, pro se.

Timothy J. Sawina, Asst. Atty. Gen., St. Paul, MN (Tracy M. Smith, on the brief), for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Gary A. Miller appeals from a final order entered in the District Court[1] for the District of Minnesota dismissing with prejudice his 42 U.S.C. § 1983 civil rights action for failure to prosecute. For reversal plaintiff argues the district court erred in dismissing his civil rights action for failure to prosecute because he had in fact timely mailed a response to the defense motion for summary judgment and written objections to the report and recommendation of the magistrate judge. For the reasons discussed below, we affirm the judgment of the district court.

Plaintiff is a state prison inmate, proceeding pro se and in forma pauperis, incarcerated at a correctional institution in Minnesota. In January 1993 plaintiff filed this civil rights action against several prison officials alleging several constitutional violations arising from his temporary suspension from his prison job. Plaintiff alleged that prison officials had summarily suspended him because he participated in an organized work stoppage to protest the temporary closing of the prison industry program over the 1992 Thanksgiving holiday weekend. Plaintiff claimed that the suspension was punitive and in violation of due process and sought declaratory and injunctive relief and damages. Plaintiff also filed several discovery requests. The case was referred to a magistrate judge. Leave to proceed in forma pauperis was granted, and process was issued and served. Defendants filed an answer.

On April 1, 1993, defendants filed motions for a protective order and for summary judgment asserting, among other things, that they were entitled to qualified immunity. The magistrate judge granted defendants' motion for a protective order and stayed plaintiff's discovery requests pending disposition of the motion for summary judgment. The magistrate judge also granted plaintiff two extensions of time in which to file a response to the motion for summary judgment; plaintiff's response was due June 18, 1993. Plaintiff's response to the motion for summary judgment, affidavits and documentary evidence in support were filed on June 25, 1993. (The response, district court filing # 25, was entered on the docket sheet on June 29, 1993.)

On February 17, 1994, the magistrate judge, under the belief that plaintiff, despite two extensions, had not filed a response to the motion for summary judgment, recommended dismissal with prejudice for failure to prosecute. The report and recommendation included an express notification to plaintiff that he had until March 3, 1994, to file written objections to the report and recommendation. On March 4, 1994, the district court, under the belief that no written objections had been filed, adopted the recommendation of the magistrate judge and dismissed the action with prejudice for failure to prosecute. Plaintiff's written objections were filed on March 4, 1994. (The written objections, district court filing # 32, were entered on the docket sheet on March 7, 1994.) In his written objections, plaintiff stated that he

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota.

"served by U.S. Mail" his response to the motion for summary judgment by depositing the documents in the prison mail on June 15, 1993, but that prison officials did not mail the documents until June 23, 1993. In an attached affidavit, plaintiff stated that on June 15, 1993, he had deposited his response and attachments in a locked mail drop box in the cell block. He also attached a prison "Mail Office–Special Postage Charge" receipt, dated June 23, 1993, reflecting that manila envelopes were mailed to the magistrate judge and defense counsel. On March 28, 1994, plaintiff filed a notice of appeal.

On appeal plaintiff attached to his brief copies of his prison correspondence log showing that mailings were sent to the magistrate judge and defense counsel on June 23, 1993, and March 2, 1994. Brief for Appellant, addendum at A–13. Plaintiff argued that the protective order had prevented him from obtaining evidence necessary to respond to the motion for summary judgment and that he had been denied access to the courts when prison officials did not mail his response until June 23, 1993.

Defendants acknowledge that they received a copy of plaintiff's response to the motion for summary judgment on June 25, 1993, and the written objections to the magistrate judge's report and recommendation on March 8, 1994. Defendants argue that these documents were untimely filed and that the district court did not abuse its discretion in dismissing the action with prejudice for failure to prosecute. Defendants also argue that the evidence plaintiff submitted in support of his claim that he timely mailed his response and written objections should not be considered for the first time on appeal and that the magistrate judge properly granted them a protective order and stay of discovery. In reply, plaintiff seeks suspension of the rules in the interest of justice.

MOTION TO STRIKE DOCUMENTS

■ Defendants filed a motion to strike certain documents included by plaintiff in the addendum to his brief on appeal because those documents had not been presented to the district court and thus were not part of the record below. The documents in question are documents A–1 through A–6, A–13

through A–16, A–19 through A–25, and A–27. Plaintiff filed an opposition to the motion to strike and argues that the some of the documents were not previously available to him because prison officials either stole or purposely delayed mailing his legal documents in the present case and in his other litigation.

"Generally, an appellate court cannot consider evidence that was not contained in the record below. However, this rule is not etched in stone. When the interests of justice demand it, an appellate court may order the record of a case enlarged." *Dakota Industries, Inc. v. Dakota Sportswear, Inc.,* 988 F.2d 61, 63 (8th Cir.1993). One of the challenged documents, document A–13, is a photocopy of plaintiff's prison correspondence log, which appears to support plaintiff's explanation, not contradicted by defendants, for the delayed filings and thus at least raises the possibility that plaintiff did not act intentionally or willfully to delay his action. However, it was not presented to the district court and thus was not part of the record below precisely because, until the action was dismissed for failure to prosecute, plaintiff was unaware of any delay in mailing. As discussed below, this is the kind of information which would have been helpful to the district court in deciding whether to dismiss for failure to prosecute. Under the circumstances we hold the interests of justice require that we enlarge the record and consider evidence not contained in the record below. For that reason, we deny defendants' motion to strike.

DISMISSAL WITH PREJUDICE

"District courts have inherent power to dismiss sua sponte a case for failure to prosecute, and we review the exercise of this power for abuse of discretion." *Sterling v. United States,* 985 F.2d 411, 412 (8th Cir. 1993) (per curiam); *see* Fed.R.Civ.P. 41(b). "Dismissals with prejudice are 'drastic and extremely harsh sanction[s].' Cases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action or where the plaintiff has consistently and willfully failed to prosecute his [or her] claim." *Sterling v. United States,* 985 F.2d at 412 (internal citations omitted); *see Garland v. Peebles,* 1 F.3d 683, 686–87 (8th

Cir.1993); *Pardee v. Stock,* 712 F.2d 1290, 1292 (8th Cir.1983) (dismissal with prejudice "only when there has been a 'clear record of delay or contumacious conduct by the plaintiff'") (internal citation omitted).

Contrary to the magistrate judge's report and recommendation and the district court's order, plaintiff filed both a response to the motion for summary judgment and written objections to the magistrate judge's report and recommendation. The response was filed on June 25, 1993, and the written objections on March 4, 1994. The response and the written objections may have been untimely filed. The response was due on June 18, 1993, and the written objections on March 3, 1994. Under Fed.R.Civ.P. 56(c) and (e), the adverse party is to "serve" a response to the motion for summary judgment by affidavits or otherwise. Under Fed.R.Civ.P. 72(b), a party is to "serve" and file specific written objections to the proposed findings and recommendations of a magistrate judge. "Service" may be accomplished by mail, and "[s]ervice by mail is complete upon mailing." Fed.R.Civ.P. 5(b). The addition of 3 days for service by mail pursuant to Fed.R.Civ.P. 6(e) would arguably make the written objections timely but not the response to the motion for summary judgment.

■ However, both the response and the written objections would be timely filed un-der the rule announced in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), in which the Supreme Court held as timely filed a pro se notice of appeal in a habeas case deposited by an inmate with prison authorities for mailing within the 30-day period fixed by Fed.R.App.P. 4(a) for the filing of a notice of appeal.[2] *See* Fed.R.App.P. 4(c) (amendment of rule to reflect decision in *Houston v. Lack* ).

We need not decide whether to extend the rule in *Houston v. Lack* to filings other than notices of appeal because, even if the rule were not extended here, the district court should reconsider whether the dismissal with prejudice for failure to prosecute should stand in light of the evidence plaintiff has presented. If we extended the rule in *Houston v. Lack* to all pro se prisoner filings in § 1983 actions or to written objections to magistrate judges' reports and recommendations, then plaintiff's response and written objections were not untimely filed because, as plaintiff explained, he deposited the response in the prison mail on June 15, 1993, and the written objections on March 2, 1994. On the other hand, even if we did not extend the rule in *Houston v. Lack* beyond notices of appeal, then the untimely filings at least raised the possibility that plaintiff did not act intentionally or willfully to delay the case and

---

**2.** This circuit has as yet extended the rule in *Houston v. Lack* only to a prisoner's pro se notice of appeal in a 42 U.S.C. § 1983 action. *Hamm v. Moore,* 984 F.2d 890, 892 (8th Cir.1992) (noting opinion in *Houston v. Lack* does not indicate that its holding should be limited to habeas cases); *cf. Allen v. Dowd,* 964 F.2d 745 (8th Cir.) (suggesting *Houston v. Lack* is limited to notices of appeal), *cert. denied,* —— U.S. ——, 113 S.Ct. 335, 121 L.Ed.2d 253 (1992). A good argument can be made for extending the rule in *Houston v. Lack* to filings other than notices of appeal. "*Houston [v. Lack]*'s underlying policy—that of not penalizing pro se prisoners for delays over which they have no control once they have timely delivered notices of appeal to prison authorities—applies with equal force to section 1983 actions." *Hamm v. Moore,* 984 F.2d at 892, citing *Hostler v. Groves,* 912 F.2d 1158, 1161 (9th Cir.1990) (§ 1983 actions), *cert. denied,* 498 U.S. 1120, 111 S.Ct. 1074, 112 L.Ed.2d 1180 (1991). "In fact, prison authorities would have greater incentive to delay the processing of section 1983 suits, since such suits often target prison officials." *Hostler v. Groves,* 912 F.2d at 1161.

Other circuits have extended the rule in *Houston v. Lack* to other pro se prisoner filings. *See United States v. Moore,* 24 F.3d 624 (4th Cir. 1994) (notice of appeal in criminal matter); *Dory v. Ryan,* 999 F.2d 679 (2d Cir.1993) (§ 1983 complaint), *modified on other grounds,* 25 F.3d 81 (2d Cir.1994); *Thompson v. Rasberry,* 993 F.2d 513, 515 (5th Cir.1993) (per curiam) (objections to magistrate judge's report and recommendation); *Garvey v. Vaughn,* 993 F.2d 776 (11th Cir.1993) (§ 1983 complaints and claims under Federal Tort Claim Act); *Faile v. Upjohn Co.,* 988 F.2d 985, 988–89 (9th Cir.1993) (all filings); *Simmons v. Ghent,* 970 F.2d 392, 393 (7th Cir. 1992) (Rule 59(e) motion); *Lewis v. Richmond City Police Dep't,* 947 F.2d 733, 735–36 (4th Cir.1991) (per curiam) (civil complaints); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir.1989) (objections to magistrate judge's report and recommendation), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990); *Smith v. Evans,* 853 F.2d 155, 161–62 (3d Cir.1988) (Rule 59(e) motion); *Moskovits v. DEA,* 774 F.Supp. 649, 653 (D.D.C.1991) (forfeiture response).

thus did not warrant dismissal with prejudice for failure to prosecute.

Ordinarily, we would reverse and remand the case to the district court for further proceedings. However, we may affirm the judgment on any ground supported by the record. *See, e.g., Brown v. St. Louis Police Dep't,* 691 F.2d 393, 396 (8th Cir.1982), *cert. denied,* 461 U.S. 908, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983); *Zirinsky v. Sheehan,* 413 F.2d 481, 484 n. 5 (8th Cir.1969), *cert. denied,* 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753 (1970). We have carefully reviewed the record and affirm the judgment of the district court on other grounds.

We hold defendants were entitled to summary judgment. We have reviewed the record in the light most favorable to plaintiff as the non-moving party. The record shows that there was no genuine issue as to any material fact and that defendants, the moving parties, were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Get Away Club, Inc. v. Coleman,* 969 F.2d 664, 666 (8th Cir.1992). Plaintiff's one-day suspension was work-related and did not constitute punishment. Plaintiff did not lose any accrued good time or accrued wages, and he was not placed in more restrictive conditions of confinement such as administrative segregation. *Cf. Anderson v. Hascall,* 566 F.Supp. 1492, 1495–96 (D.Minn.1983) (prison work transfers due to unsatisfactory performance were not punitive for purposes of *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)), *aff'd,* 763 F.2d 325 (8th Cir.1985) (per curiam). In addition, we note that plaintiff has no right to prison employment under state law and thus no constitutionally protected property interest in prison employment.

Accordingly, we affirm the judgment of the district court.