**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 00-4103

TERRY ANTHONY DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Matthew J. Perry, Jr., Senior District Judge.
(CR-99-486)

Submitted: March 21, 2000

Decided: March 31, 2000

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

**COUNSEL**

J. Dennis Bolt, Columbia, South Carolina, for Appellant. Marshall
Prince, OFFICE OF THE UNITED STATES ATTORNEY, Colum-
bia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Terry Anthony Davis seeks to appeal his conviction and sentence on one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999). The district court entered its judgment and commitment order on January 19, 2000. On February 1, 2000, Davis noted his appeal. The district court granted no extension of time to appeal, nor did Davis request an extension or make a showing in the district court of excusable neglect to explain why he did not file his notice of appeal until February 1, 2000. The Government has filed a motion to dismiss Davis' appeal as untimely. Davis objects, stating that counsel's illness prevented him from timely filing his appeal and that this constitutes excusable neglect.

In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. See Fed. R. App. P. 4(b). With or without a motion, the district court may grant an extension of this time up to thirty days upon a showing of excusable neglect. See id.; see also United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). If the defendant files his notice of appeal outside the ten-day appeal period, but within the thirty-day extension period, the district court must make factual findings concerning whether there was excusable neglect warranting an extension of the appeal period. See United States v. Moore, 24 F.3d 624, 625-26 (4th Cir. 1994); Reyes, 759 F.2d at 353.

Although Davis noted his appeal outside the ten-day appeal period, it was within the thirty-day extension period applicable upon a showing of excusable neglect. Accordingly, we remand this case to the district court with instructions to make the determination as to whether Davis' failure to file his notice of appeal within ten days of the final judgment was due to an excusable neglect or good cause. The record, as supplemented, will then be returned to this court for further consideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED

2