**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4861**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MELVIN CORTEZ CARTER,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:10-cr-00059-D-1)

Submitted:  March 9, 2012        Decided:  April 12, 2012

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David L. Neal, Hillsborough, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Cortez Carter seeks to appeal his 141-month sentence following a guilty plea to conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b)(1) (2006), and use of firearms during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c), 2 (2006). Carter's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erroneously applied a two-level sentencing enhancement for reckless endangerment during flight, pursuant to the U.S. Sentencing Guidelines Manual ("USSG") § 3C1.2 (2010).

The Government has moved to dismiss Carter's appeal as untimely. In criminal cases, the defendant must file the notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on August 5, 2011, and the fourteen-day appeal period expired on Friday, August 19, 2011. The district court received Carter's notice of appeal on August 23, four days outside the appeal period. However, Carter's pro se notice of appeal is dated August 18, 2011, and

2

the envelope is postmarked August 19, 2011, by the inmate mail system.  Although Carter was represented by counsel at the time, he nonetheless receives the benefit of the mailbox rule announced in Houston v. Lack, 487 U.S. 266 (1988), as he filed his notice of appeal pro se while incarcerated.  See United States v. Moore, 24 F.3d 624, 625-26 (4th Cir. 1994) (applying mailbox rule to a pro se notice of appeal filed by incarcerated petitioner represented by counsel).  As Carter handed his notice of appeal to prisoner officials for mailing on August 19 at the latest, his notice of appeal was timely filed.  We therefore deny the Government's motion to dismiss.

We review a sentence for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 47, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence.  Id.; see United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009).  In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Gall, 552 U.S. at 51.  This court next assesses the substantive reasonableness of the sentence, "taking into account the 'totality of the

3

circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). This court presumes that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Under USSG § 3C1.2, a defendant is eligible for a two-level sentencing enhancement if he "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." In this case, Carter conspired with three other individuals to rob several convenience stores. After the first robbery, law enforcement officers observed Carter and his co-conspirators casing a second convenience store the following evening. A high speed vehicle pursuit ensued, with Carter as the driver of the getaway vehicle. Carter drove his vehicle through two stop signs and residential neighborhoods, reaching speeds in excess of 55 mph in a 35 mph zone, while armed with a loaded handgun. On these facts, we find that the district court did not commit procedural error in applying a two-level sentencing enhancement for reckless endangerment during flight. In addition, the court used the correct advisory Guidelines range, explained its reasoning, considered the § 3553(a) factors, and sentenced Carter below the applicable Guidelines range. Accordingly, we

conclude that Carter's sentence was both procedurally and substantively sound.

In accordance with <u>Anders</u>, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm the district court's judgment. This court requires that counsel inform Carter, in writing, of his right to petition the Supreme Court of the United States for further review. If Carter requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>