Isaac Edward ALLEN, Appellant,

v.

Denis D. DOWD and William
L. Webster, Appellees.

No. 91–2342.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 8, 1992.

Decided May 13, 1992.

Curtis L. Blood, Collinsville, Ill., argued,
for appellant.

Frank A. Jung, Jefferson City, Mo., argued, for appellees.

Before JOHN R. GIBSON, Circuit Judge,
FLOYD R. GIBSON, Senior Circuit Judge,
and WOLLMAN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Isaac Edward Allen appeals from the dismissal of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1988). The district court[1] held that he did not satisfy the statute's "in custody" requirement because his sentence had expired. On appeal, Allen argues that he satisfied the requirement because: (1) the conviction that he attacks and for which he completed his sentence delayed the release date on a second sentence he is now serving, and (2) his petition should be deemed filed on the day it was mailed, not the day it was received by the clerk of the district court. We affirm.

In 1982, Allen was convicted of receiving stolen property. He completed his nine-year sentence on January 14, 1990. He is currently serving a five-year consecutive sentence on a conviction of unlawful use of a weapon.

In his habeas petition, Allen states that he is attacking his 1982 conviction. His petition also states that "[a]t the present time no pleading or petition is pending in any Court challenging the [five-year consecutive] sentence...." Allen states in an affidavit that he placed his petition in the United States mail on January 9, 1990, while incarcerated at the Farmington Correctional Center. The district court clerk did not receive the petition until January 22, 1990.

The district court dismissed Allen's petition, stating that documents generally are

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of   Missouri.

not considered filed until they are received, that Allen's petition was thus filed on January 22, and that he was no longer "in custody" on that date. *Allen v. Dowd,* No. 90–1142, slip op. at 1–2 (E.D.Mo. Mar. 25, 1991).

Allen first argues that we should reverse the district court under the rule of *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam). In *Maleng,* the Court held that a petitioner is no longer "in custody" under a conviction when the sentence has fully expired at the time the petition is filed. *Id.* at 491–92, 109 S.Ct. at 1925–26. However, a petitioner may challenge a sentence for which he is currently "in custody" on the ground that the allegedly invalid prior conviction, on which the sentence has expired, enhanced the current sentence. *Id.* at 493–494, 109 S.Ct. at 1926–27.

Allen asserts that although his 1982 conviction was not used to enhance the sentence he is now serving, the earlier conviction affects his present sentence because it is delaying his release date.

 His argument overlooks the fact that nowhere in his petition does he challenge his later conviction. Allen expressly restricts himself to challenging the 1982 conviction for receiving stolen property.[2] In *Taylor v. Armontrout,* 877 F.2d 726 (8th Cir.1989) (per curiam), we affirmed a dismissal where the petitioner had served the sentence challenged in his habeas petition and had failed to assert in his petition an attack against a current sentence, even though he argued on appeal that the earlier conviction resulted in an enhancement of his later sentence. Upholding the district court's finding that the petitioner did not satisfy the "in custody requirement," we concluded: "It is still open to appellant to challenge his [later] sentence, and to assert as a ground for that challenge the invalidity of the previous, underlying 1982 conviction." *Id.* at 727.

We thus reject Allen's argument that he is entitled to proceed under *Maleng.* He is, of course, entitled to file a new petition attacking the conviction for which he is now in custody, but we also observe that he must abide by the usual requirement of exhaustion of state remedies. *See Flittie v. Solem,* 882 F.2d 325, 328 & n. 2 (8th Cir.1989) (Beam, J., concurring specially).

 Allen next argues that the district court erred in holding that his petition was filed on the day it was received, January 22, rather than the day it was mailed, January 9. He relies on *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), in which the Court held that notices of appeal by *pro se* prisoners are "filed" at the moment of delivery to prison authorities for forwarding to the court rather than on the day they are received. *Id.* at 276, 108 S.Ct. at 2385.

Allen's argument fails, for *Lack* is limited to notices of appeal, *see id.* at 274, 108 S.Ct. at 2384, which have a 30–day deadline under 28 U.S.C.A. § 2107(a) (West Supp. 1992) and Fed.R.App.P. 4(a)(1). 487 U.S. at 272. This case does not concern a notice of appeal or other filing with a 30–day deadline. Moreover, this court has recently held that filing does not occur in a habeas case until the petitioner has either paid the filing fee or been granted leave to proceed in forma pauperis. *Weaver v. Pung,* 925 F.2d 1097, 1099 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 99, 116 L.Ed.2d 70 (1991). Allen was not granted leave to proceed in forma pauperis until June 13, 1990. We thus hold that the district court did not err in holding that Allen was not "in custody" when his petition was filed.

We affirm the denial of the petition.

---

2. In *Maleng,* the petitioner listed his earlier conviction for which the sentence had expired as the one under attack. However, he also alleged that the earlier conviction had been "used illegally to enhance his [later] sentences...." 490 U.S. at 490, 109 S.Ct. at 1924–25. The Court concluded that the pleadings, "construed with the deference to which *pro se* litigants are entitled," could be read to assert a challenge to the later sentences as enhanced by the allegedly invalid prior conviction. *Id.* at 493, 109 S.Ct. at 1926–27.