**UNITED STATES of America,
Respondent,**

v.

**Lawrenda O'KAINE, Movant.**

**No. CV 497–118.**

United States District Court,
S.D. Georgia,
Savannah Division.

July 1, 1997.

Lawrenda O'Kaine, Tallahassee, FL, pro se.

William H. McAbee, II, Savannah, GA, for U.S.

### ORDER

Nangle, District Judge.

Before the Court is the Government's motion to dismiss movant's motion to vacate pursuant to 28 U.S.C. § 2255. In this motion, the Government correctly notes the following: that on April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was signed into law; that the AEDPA amended § 2255 to establish a one-year statute of limitations for the filing of any § 2255 motion; that the statute of limitations begins to run on the date on which the defendant's conviction is affirmed on direct appeal; that for those defendants whose convictions became final prior to April 24, 1996, the courts around the country have generally held that the "cut-off" for filing a § 2255 motion would be one year after the effective date of the legislation (April 24, 1997). Thus, the Government concludes that movant's motion to vacate, file-stamped by the United States Clerk's Office for the Southern District of Georgia "April 28, 1997," is barred by the statute of limitations.

Ordinarily, this would be true. In *Garvey v. Vaughn* 993 F.2d 776 (11th Cir.1993), however, the Eleventh Circuit extended the Supreme Court's holding in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988),[1] to *pro se* prisoners filing § 1983 cases. Noting the unique disadvantages burdening incarcerated *pro se* litigants in filing timely pleadings, *Garvey,* 993 F.2d at 780, the Eleventh Circuit deemed their pleadings filed when delivered to prison officials for mailing, rather than when the clerk's office stamps them "Filed." *Id.* at 783.

Given the recent nature of the amendment establishing the statute of limitations, as well as the fact that a statute of limitations problem could not possibly have arisen prior to April 24, 1997, there does not appear to be an Eleventh Circuit decision on whether the "mailbox rule" applies to the filing of a § 2255 motion. The same disadvantages facing a § 1983 *pro se* prisoner plaintiff, however, are present when a *pro se* prisoner files a motion pursuant to § 2255. Thus, the Court finds that the "mailbox rule" applies to motions filed by *pro se* prisoners pursuant to 28 U.S.C. § 2255.

In the instant case, all of the signatures contained in movant's motion are dated April 22, 1997. It can reasonably be inferred that this was the date movant deposited the motion with the prison authorities for forwarding to the district court. In any event, in *Garvey,* the Eleventh Circuit found that *Houston v. Lack* placed the burden of proof

---

**1.** *Houston v. Lack* created the "mailbox rule" for the filing of *pro se* prisoner appeals. Specifically, the *Houston* Court held that *pro se* prisoners' notices of appeal are "filed" at the moment of delivery to prison authorities for forwarding to the district court. 487 U.S. at 276, 108 S.Ct. at 2385.

for a *pro se* pleading's delivery date on the prison authorities, "who have the ability to establish the correct date through their logs." *Garvey*, 993 F.2d at 781. In the instant motion, the Government makes no effort to show the motion's delivery date. From all of the dates included in the motion, it appears that it was deposited for mailing on April 22, 1997. This date is within the one-year period for filing § 2255 motions. Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion to dismiss be and is denied.