**Donald BURNS, Petitioner,**

**v.**

**Willis E. MORTON, Superintendent, and Peter Verniero, Attorney General of New Jersey, Respondents.**

**Civil Action No. 97–2507.**

United States District Court, D. New Jersey.

July 18, 1997.

Donald Burns, Trenton, NJ, pro se.

Peter Verniero, Attorney General of New Jersey, Jennifer L. Gottschalk, Deputy Attorney General of New Jersey, Division of Criminal Justice, Appellate Bureau, Trenton, NJ, for Respondents.

## OPINION

ORLOFSKY, District Judge:

Petitioner, Donald Burns ("Burns"), who is currently incarcerated at the New Jersey State Prison at Trenton, New Jersey, has moved for the appointment of counsel to represent him in connection with a petition for a writ of habeas corpus filed pursuant to § 2254. Respondents have filed a Motion to Dismiss that Petition.

Respondents contend that Burns's petition is time-barred under the one-year statute of limitations included in the recent Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. *See* 28 U.S.C. § 2244. Burns concedes, as he must, that his petition was filed by the clerk of this court more than one year after the enactment of the statute of limitations contained in § 2244. Nevertheless, Burns argues that he should benefit from the "mailbox rule," which, in other circumstances, deems submissions by *pro se*

prisoners "filed" as of the date those papers are delivered to the prison authorities for forwarding to the court. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Fed. R.App. P. 4(c). The question for this court's resolution is whether the rule of *Houston v. Lack,* which was fashioned to allow some latitude to prisoners attempting to meet a relatively short, thirty-day deadline for filing an appeal, should be extended to cover habeas corpus petitions. Because I conclude that the rationale of *Houston* does not apply with equal force in these circumstances, and because this court has not been instructed by the Third Circuit to expand the scope of *Houston,* I will decline to apply the "mailbox rule" to these facts. Accordingly, the motion of Respondents to dismiss the petition will be granted and petitioner's motion for the appointment of counsel will be dismissed as moot.

## I. Procedural History

Donald Burns entered a plea of guilty to a multiple count indictment, charging robbery, aggravated assault, weapons possession and conspiracy. On September 10, 1987, Burns was sentenced to 100 years in prison with fifty (50) years of parole ineligibility. Burns appealed his conviction and sentence to the Superior Court of New Jersey, Appellate Division, which affirmed the trial court. The Supreme Court of New Jersey denied Burns's petition for certification.

Subsequently, Burns filed a *pro se* petition for post-conviction relief in the Law Division of the Superior Court. This petition was denied, but the Appellate Division reversed and remanded with an order for the appointment of counsel. On May 3, 1993, the Law Division denied Burns's petition for post-conviction relief. Burns appealed, and the Appellate Division once again affirmed his conviction and sentence. On June 29, 1995, Burns filed a petition for certification with the Supreme Court of New Jersey. On September 21, 1995, the Supreme Court denied Burns's petition.

Burns's petition for a writ of habeas corpus pursuant to § 2254, and accompanying application to proceed *in forma pauperis,* were

received by the Clerk of this court on April 28, 1997. On May 5, 1997, Burns's application to proceed *in forma pauperis* was approved and the Clerk duly filed his § 2254 petition as of that date.

## II. Discussion

The Anti–Terrorism and Effective Death Penalty Act of 1996, which was signed by the President on April 24, 1996, amended the habeas corpus statute to include a limitations period. Persons in custody pursuant to the judgment of a State court are now required to file any petition for habeas relief in federal court within one year of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244 further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Clearly, the amendments to the federal habeas corpus statute enacted as a part of the AEDPA are applicable to Burns's petition, because it was filed after April 24, 1996, the effective date of the Act. This does not, however, automatically imply that Burns's petition is barred because it was not filed within one year of September 21, 1995, the

date on which the Supreme Court of New Jersey finally denied his appeal of his post-conviction relief petition.

This court, like the vast majority of courts, has chosen to apply the limitations period set forth in § 2244 prospectively, allowing prisoners a "grace period" following the effective date of April 24, 1996, in which to file § 2254 petitions, regardless of the date on which final review was denied, if that date was prior to April 24, 1996. *See Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir.1996); (allowing AEDPA's time limit to run from date prior to enactment "would be entirely unfair and a severe instance of retroactivity"); *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996) (en banc) ("Courts treat a reduction in the statute of limitations as a rule for new cases only."), *rev'd on other grounds,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *cf. United States v. Lopez,* 100 F.3d 113, 116–17 (10th Cir.1996) (rejecting retroactive application of a parallel one-year limit for petitions filed under 28 U.S.C. § 2255); *but cf. Clarke v. United States,* 955 F.Supp. 593, 597 (E.D.Va.1997) (holding that one-year limitation period of § 2255 may be applied retroactively to deny motion filed over six years after petitioner's conviction became final).

Courts disagree as to whether a habeas petitioner against whom the new statute of limitations began to run prior to the enactment of the AEDPA should be given a *full year* from the date of enactment in which to file a habeas petition, *Lindh,* 96 F.3d at 866; *Duarte v. Hershberger,* 947 F.Supp. 146, 149 (D.N.J.1996), or only a *reasonable time* in which to file a petition, *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997) (where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, there is "no need to accord a full year after the effective date of the AEDPA.").

The Supreme Court of New Jersey denied Burns's Petition for Certification of the denial of post-conviction relief on September 21, 1995. Therefore, the limitations period described by the provisions of § 2244(d)(1)(A) began to run on Burns's claims on September 21, 1995. Giving Burns the widest possible latitude, a grace period equal to the new

limitations period, the latest date on which Burns was required to file any § 2254 petition was April 23, 1997. *Duarte*, 947 F.Supp. at 149.

Burns' § 2254 petition was received in this court and filed after April 23, 1997. However, Burns urges this court to disregard the actual filing date, because he is a *pro se* prisoner. Burns urges this court to extend the rule of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), which held that a *pro se* prisoner's notice of appeal was timely filed pursuant to Federal Rule of Appellate Procedure 4(a)(1) at the moment it was delivered to prison authorities for forwarding to the district court, to the limitations period set forth in § 2244(d)(1)(A). In opposition to the State's motion to dismiss, Burns provides documentation in support of his contention that, on Burns's behalf, an "inmate paralegal" at the New Jersey State Prison completed a request to mail Burns's Petition on April 22, 1997, one day before the expiration of § 2244's limitations period. The only district court to have addressed the question whether *Houston* applies to habeas filings, concluded that it did. *Hughes v. Irvin*, 967 F.Supp. 775 (E.D.N.Y.1997). Because the petition in *Hughes* was filed by the district court clerk on January 23, 1997, and that court, like this one, granted the petitioner a grace period extending to April 23, 1997, the court's application of *Houston*'s "mailbox rule" was, at best, gratuitous. *Id.*, 967 F.Supp. at 777–78.

In somewhat analogous circumstances, federal courts disagree on the scope of *Houston* as it may apply to the filing of an original civil rights action. *See Jackson v. Nicoletti*, 875 F.Supp. 1107, 1109–14 (E.D.Pa.1994) (refusing to extend *Houston* to *pro se* prisoner civil rights litigation, in part because plaintiff prisoner had two years in which to assess his rights and decide to sue); *but see Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995) (extending *Houston* to *pro se* prisoner § 1983 complaints); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733 (4th Cir.1991) (concluding that *pro se* prisoner's § 1983 complaint is deemed filed when delivered to prison officials for mailing).

I am not persuaded that the "mailbox rule" should be adopted for original filings pursuant to § 2254. *Houston v. Lack* addressed the requirements for giving proper notice of appeal. Although the *Houston* Court based its decision primarily upon the numerous disabilities prisoners are presumed to face in submitting legal papers to the court, *Houston* does not necessarily mandate application of the "mailbox rule" whenever a filing requirement is at issue and the *pro se* party is a prisoner.

This narrow reading of *Houston* is confirmed by the fact that Fed. R.App. P. 4, which was at issue in *Houston*, was amended in 1993, specifically to add a provision incorporating the "mailbox rule" for appeals by inmates confined in an institution. Fed. R.App. P. 4(c). Thus, the authors of the Federal Rules of Appellate Procedure have codified the narrow interpretation of *Houston*. The AEDPA was enacted against a legal background containing this specific provision in the Federal Rules of Appellate Procedure, and, nevertheless, Congress included no such "mailbox" provision in the AEDPA. In the absence of instruction from Congress, the Courts of Appeals or the Supreme Court extending the rule of *Houston v. Lack* to *pro se* habeas filings, I must decline Burns's invitation to the "mailbox rule."

Furthermore, the reasons which compelled the adoption of the "mailbox rule" for prison inmates seeking to comply with the relatively brief thirty (30) day filing deadline then set forth in Fed. R.App. P. 4(a), do not apply with equal force to a prison inmate who seeks to file a petition for a writ of habeas corpus, given that the amended § 2244 provides a would-be habeas petitioner with a minimum of one year in which to file his or her petition. Unlike a § 1983 complaint, which must sometimes marshal a considerable number of facts, a habeas petition ordinarily can be drafted based upon the petitioner's existing submissions to the state appellate courts. In this case, Burns had nineteen months from the New Jersey Supreme Court's final denial of certification in which to contemplate filing his habeas petition. Notably, Burns has not argued that he needed additional time to file his

habeas petition, or that he was somehow prevented from doing so during the nineteen months following the New Jersey Supreme Court's denial of his last petition for certification.

Accordingly, this court does not address, because it need not decide, whether the period of limitations set forth in § 2244 may be equitably tolled, inasmuch as Burns has not argued that he was hampered by prison authorities in his attempt to file his petition, or was otherwise rendered unable to file his petition on or before April 23, 1997. *See Calderon v. United States District Court for the Central District of California*, 112 F.3d 386, 390–91 (9th Cir.1997) (concluding that AEDPA's one-year limitations period could be equitably tolled). Rather, as this court understands Petitioner's position, he contends that he *has* timely "filed" his § 2254 petition.

## III. Conclusion

Burns has made absolutely no showing that he was compelled to wait until the eleventh hour to file his petition for habeas relief. Indeed, Burns does not appeal to equitable considerations at all, but relies on a technical application of the "mailbox rule." Because I conclude that the "mailbox rule" does not apply under these circumstances, I must also conclude that Burns has not filed his § 2254 petition within the time limit set by § 2244.

Because Burns' habeas petition is barred by the limitations period of § 2244, his petition must be dismissed in its entirety, rendering moot his motion for the appointment of counsel. The court will enter an appropriate order.

## ORDER

This matter having come before the Court on the motion of Petitioner, Donald Burns, who is currently incarcerated at the New Jersey State Prison at Trenton, New Jersey, for the appointment of counsel to represent him in connection with a petition for a writ of habeas corpus filed pursuant to § 2254, and on Respondents' Motion to Dismiss that Petition, Donald Burns, appearing *pro se,* and Jennifer L. Gottschalk, Esq., Deputy Attorney General of New Jersey, appearing on behalf of the Respondents; and,

The Court having considered the Petitioner's Motion for the Appointment of Counsel, his accompanying Certification, the Petition itself, Respondents' Motion to Dismiss, and the exhibits accompanying Respondents' Motion to Dismiss, as well as Petitioner's Response in Opposition to Respondents' Motion to Dismiss, for the reasons set forth in this Court's OPINION filed concurrently with this ORDER;

It is on this 18th day of July, 1997, ORDERED that Respondents' Motion to Dismiss is GRANTED and Burns' petition for a writ of habeas corpus filed pursuant to § 2254 is DISMISSED; and,

It is further ORDERED that Petitioner's motion for the appointment of counsel is DISMISSED AS MOOT.