### Charles A. PARKER, Petitioner.

v.

### Michael BOWERSOX, Respondent.

### No. 97–0657–CV–W–6–P.

United States District Court, W.D. Missouri, Western Division.

Sept. 2, 1997.

---

**1252**

Charles A. Parker, Mineral Point, MO, pro se.

Frank Jung, Asst. Atty. Gen., Jefferson City, MO, for defendant.

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING RESPONDENT'S MOTION FOR AN INTERLOCUTORY APPEAL

SACHS, Senior District Judge.

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 challenging petitioner's 1993 convictions and sentences for first degree murder and armed criminal action, which were entered in the Circuit Court of Jackson County, Missouri. Respondent has filed a motion to dismiss on the ground that the petition was untimely filed.

Pursuant to 28 U.S.C. § 2244(d)(1), the parties assume the deadline for filing the petition was April 23, 1997. The record reflects that the petition was signed on April 17, 1997, but that it was not filed until April 28, 1997.[1] The record further reflects that petitioner has declared under penalty of perjury that the petition was placed in the institutional mailbox on April 18, 1997,[2] although the envelope in which the petition was received by the Clerk is postmarked the following Thursday, April 24, 1997. Respondent concedes that "there are no logs maintained indicating when legal mail is received by the Potosi Correctional Center mail room from an inmate at the Potosi Correctional Center." (Doc. No. 13).

▮▮▮ The first issue raised by this case presents a question as to whether the one year statute of limitations set forth in § 2244(d)(1) is jurisdictional, as respondent contends, or subject to equitable tolling. In *Calderon v. United States District Court,* 112 F.3d 386, 389 (9th Cir.1997), the United States Court of Appeals for the Ninth Circuit, in an opinion by Judge Kozinski, held that the limitations period is not jurisdictional, but is subject to equitable tolling. Lacking any precedent on this issue from the United States Court of Appeals for the Eighth Circuit, the court will adopt the Ninth Circuit's rationale and hold that § 2244(d)(1)'s statute of limitations is not jurisdictional, but is subject to equitable tolling.

Another issue raised by this case is whether the "prison mailbox rule" announced in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), should be extended to the filing of habeas corpus petitions.[3] In *Allen v. Dowd,* 964 F.2d 745, 746

---

1. Pursuant to the Court's *en banc* "Order Establishing Procedure for Filing Pleadings, Writs, Motions, Declaratory Judgments, etc., Submitted by Inmates of Institutions" dated December 3, 1968, petitioner was granted provisional leave to proceed in forma pauperis, and this case was filed on the date it was received by the Clerk of the Court.

2. Petitioner's sworn declaration also contains the signatures of four other inmates who claim to have witnessed petitioner deposit the petition in the institutional mailbox on April 18, 1997. While the "ceremonial mailing" might seem sus-

picious, the signing appears to have been independently notarized on Thursday, the 17th. The Southern Georgia court infers the date of signing to be the date of deposit, absent prison records showing when a document is received. *United States v. O'Kaine,* 971 F.Supp. 1479 (S.D.Ga. 1997).

3. In *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court held that a notice of appeal from the denial of federal habeas corpus relief was timely filed because the inmate had deposited the notice

(8th Cir.), *cert. denied,* 506 U.S. 920, 113 S.Ct. 335, 121 L.Ed.2d 253 (1992), the United States Court of Appeals for the Eighth Circuit declined to extend the prison mailbox rule to the filing of habeas corpus petitions, stating that *Houston* "is limited to notices of appeal which have a 30–day deadline...." (citations omitted). Respondent argues that Allen controls the outcome of this case. Because the equitable tolling issue was not presented or ruled in *Allen,* the contention is not dispositive. Nevertheless, if Allen suggests that this Circuit would surely override *Calderon,* it should control disposition of all cases of this nature until there is en banc consideration.

As a preliminary matter, Allen was an alternate ruling, not necessary to the decision. Because Allen had completed his sentence for the conviction at issue, the case was moot. As the Eighth Circuit noted, and unlike the instant matter, Allen was "entitled to file a new [habeas corpus] petition attacking the conviction for which he [was then] in custody ..." *Id.* at 746.[4]

In a post-*Allen* case, the Eighth Circuit has acknowledged that "[a] good case can be made for extending the rule in [*Houston* ] to filings other than notices of appeal." *Miller v. Benson,* 51 F.3d 166, 169 n. 2 (8th Cir. 1995). Additionally, I believe that equitable principles dictate that the statute of limitations be tolled here, and very possibly that *Houston* 's mailbox rule be generally applied to the new limitation statute. As stated in *Hamm v. Moore,* 984 F.2d 890 (8th Cir.1992),

> [t]he concerns which prompted the Supreme Court's ruling in *Houston* are equally present in the case at hand.... [I]ncarcerated pro se litigants --- are unable to monitor the process of the mails as are other litigants. They are unaware of delays and unable to rectify any problems even if they were apprised of them. They

cannot deliver a copy of their document to the clerk by hand, and do not have access to express mail services. They must rely on correctional authorities, who may be motivated to delay the filing. If the pleading is delayed, they have no way to determine the cause and possibly obtain evidence to support a finding of excusable neglect. Because they are acting pro se, they do not have an attorney who can monitor the process for them.

*Id.* at 892 (citation and internal quotations omitted). *See also In re Sims,* 111 F.3d 45, 47 (6th Cir.1997) (prison mailbox rule applies to motions for leave to file successive habeas corpus petitions under § 2244); *Peterson v. Demskie,* 107 F.3d 92, 93 (2nd Cir.1997) (applying prison mailbox rule but holding the limitation period expires before the anniversary date of the Act); *Hughes v. Irvin,* 967 F.Supp. 775, 778 (E.D.N.Y.1997).[5]

In the case at hand, petitioner has placed in the record substantial evidence that he signed his papers on the 17th and attempted to mail his petition to the Clerk of the Court on April 18, 1997, which is five days before the statute of limitations expired. Timely receipt would be expected. Respondent is unable to rebut petitioner's evidence because the mailroom staff at Potosi Correctional Center (PCC) does not keep such records. Therefore, the court will assume that petitioner did mail his petition on April 18; that something outside of his control kept his mail from being processed until April 24; and that petitioner would otherwise have had his papers to the clerk's office before the April 23 deadline.

Principles of equity and fairness require that equitable tolling should be applied to this case. The court considers it probable that the Eighth Circuit will distinguish the alternate ruling in *Allen v. Dowd* because of the argument advanced in *Calderon* and the

---

with prison officials for mailing before the applicable filing deadline had expired.

**4.** In the present case, by contrast, assuming arguendo that petitioner's claim has merit, dismissal will be harmful, and the estoppel aspect of equitable tolling would be invoked by the unreasonable delay in processing prisoner mail that appears on the present record. Granting the motion would allow respondent to gain an ad-

vantage in litigation resulting from unexplained institutional neglect.

**5.** Most unpublished district court opinions on Westlaw appear to apply *Houston* in the present context. The only contrary authority presently known to be on the computer is *Burns v. Morton,* 970 F.Supp. 373 (D.N.J.1997).

facts in this case. Therefore, the court will apply *Houston v. Lack's* prison mailbox rule to this habeas corpus petition, and finds that it was timely filed on April 18, 1997, when petitioner placed his petition in the institutional mailbox at PCC for forwarding to the Clerk of the Court.

Because this order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of [this] litigation" (as well as other cases pending in the district courts of the Circuit), the court will certify this matter for an interlocutory appeal pursuant to 28 U.S.C. § 1291(b).

Accordingly, it is ORDERED that:

(1) respondent's motion to dismiss (Doc. No. 6) and supplemental motion to dismiss (Doc. No. 9) are DENIED; and

(2) respondent's alternative motion for an interlocutory appeal (Doc. No. 9) is GRANTED.