**UNITED STATES of America,
Plaintiff–Respondent,**

v.

**Jeffrey Howard VAN POYCK,
Defendant–Movant.**

**No. CR–93–517–AAH.**

United States District Court,
C.D. California.

Sept. 24, 1997.

Assistant U.S. Attorney, Daniel Levin, Los Angeles, CA, for Plaintiff–Respondent.

Jeffrey Howard Van Poyck, Florence, CO, pro se.

AMENDED ORDER DENYING DEFEN-DANT–MOVANT'S MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE 28 U.S.C. § 2255 MOTION

HAUK, Senior District Judge.

This Amended Order supplants, and is a substitution for, this Court's September 11, 1997 Order Denying Defendant–Movant's Motion For Enlargement Of Time Within Which To File 28 U.S.C. § 2255 Motion.

## INTRODUCTION

On February 11, 1994, Defendant–Movant Jeffrey Howard Van Poyck ("Defendant") was convicted of two counts of armed robbery pursuant to 18 U.S.C. § 2113, and one count of conspiracy to commit armed bank robbery under 18 U.S.C. § 371. Shortly thereafter, on June 6, 1994, he was sentenced to 327 months of incarceration. Defendant appealed his conviction and sentence to the United States Court of Appeals for the Ninth Circuit, and on February 20, 1996, that court affirmed his conviction and sentence. *See United States v. Van Poyck,* 77 F.3d 285 (9th Cir.1996); *see also United States v. Van Poyck,* 77 F.3d 491 (9th Cir.1996). Defendant then filed a petition for writ of certiorari to the United States Supreme Court. On October 7, 1996, his petition was denied, *see Van Poyck v. United States,* — U.S. —, 117 S.Ct. 276, 136 L.Ed.2d 199 (1996), and, as

Defendant states, his case was then "finalized." (*See* Def.-Mov.'s Mot. at 1.)

According to Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104–132, 1996 U.S.C.C.A.N. (110 Stat.) 1220, as it applies to the instant action, a criminal defendant has only one year from "the date on which the judgment of conviction becomes final" to file a Motion To Vacate, Set Aside, Or Correct The Sentence under 28 U.S.C. § 2255. *See Calderon v. United States Dist. Ct. For The Cent. Dist. Of California,* 112 F.3d 386, 389 (9th Cir. 1997) (explaining that the AEDPA's statute of limitations clearly applies to those cases in which a defendant's conviction became final on or after April 24, 1996, the effective date of the AEDPA); *see also United States v. Jones,* 963 F.Supp. 32, 34 (D.D.C.1997) (explaining that the AEDPA's 1–year period of limitation on § 2255 motions is the same as the AEDPA's " '1–year period of limitation' on writs of habeas corpus by persons in state custody" under § 2244). Thus, Since Defendant's conviction became final on October 7, 1996, he has until October 6, 1997 in which to file a motion pursuant to § 2255.

Because the date on which Defendant must file his habeas petition is fast-approaching, Defendant has filed a Motion For Enlargement Of Time Within Which To File 28 U.S.C. § 2255 Motion (the "Motion").

The Government opposes Defendant's request for a sixty day extension of the AEDPA's one year period of limitation because Defendant has not shown that "extraordinary circumstances" beyond his control have made it impossible for him to timely file his petition for relief. This Court agrees.

## DISCUSSION

A. THE DEFENDANT–MOVANT MUST SHOW "EXTRAORDINARY CIRCUMSTANCES" EXIST IN OR-DER TO TOLL THE AEDPA'S ONE YEAR PERIOD OF LIMITATION

■ Prior to the enactment of the AEDPA, prisoners in federal custody were able to file a § 2255 motion at any time other than when the "government has been prejudiced in its ability to respond to the motion by

delay in its filing." *See* Rule 9(a), Rules Governing Section 2255 Proceedings For The United States District Courts (West 1994).[1] Section 2255, in relevant part, now reads:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) *the date on which the judgment of conviction becomes final;*

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (West Supp.1997) (emphasis added).

■ This new one year time limitation is presumptively subject to equitable tolling. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990) (holding that the doctrine of "equitable tolling" is presumptively applicable to suits against private defendants as well as suits against the United States); *United States v. Locke,* 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985) (holding that filing deadlines are generally subject to "equitable tolling"). However, the Ninth Circuit has held that equitable tolling of the AEDPA's time limitation should only be allowed when " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon,* 112 F.3d at 391 (citing *Alvarez–Machain v. United States,* 107 F.3d 696, 701

(9th Cir.1997)). We now turn to Defendant Van Poyck's attempt to prove "extraordinary circumstances" exist in the instant case.

B. DEFENDANT HAS NOT SHOWN THAT "EXTRAORDINARY CIRCUMSTANCES" BEYOND HIS CONTROL HAVE MADE IT IMPOSSIBLE FOR HIM FOR FILE HIS PETITION ON TIME

■ Defendant has advanced two arguments in support of his Motion for a sixty day extension of time: (1) that he has been unable to prepare his § 2255 motion because he cannot secure copies of certain transcripts from various court reporters; and (2) that "[d]uring the last two months, there have been four 'general lockdowns,' each lasting several days which has greatly limited—virtually eliminated—Defendant's access to [the prison's] Law Library where there are but ten typewriters for the over one thousand inmates here." (*See* Def's Mot. at 1–2.) Defendant has not argued, however, that these were "extraordinary circumstances" that have prevented him from filing a timely motion.

Before a request for an extension of time to file a § 2255 motion is granted, the district court must first be satisfied that "extraordinary circumstances" beyond a prisoner's control justify the equitable tolling of the AEDPA's clearly established period of limitation. *Alvarez–Machain,* 107 F.3d at 701. And district judges should only "authorize extensions when this high hurdle is surmounted." *Calderon,* 112 F.3d at 391. In fact, because the clearly established purpose of the AEDPA's one year period of limitation is to "accelerate the federal habeas process," the Ninth Circuit has concluded that "[e]quitable tolling will not be available in most cases." *See Id.*

Courts have held that when external forces, rather than plaintiff's lack of diligence, account for the failure of a complainant or movant to file a timely claim, equitable tolling of the statute of limitations is proper.

---

**1.** In fact, the prior limitation period for prejudicial delay under Rule 9(a) of the Rules Governing Section 2255 Proceedings allowed the movant to file his petition even when the Government would be prejudiced if the movant made a show-

ing that his motion was based upon "grounds which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred."

*Seattle Audubon Society v. Robertson,* 931 F.2d 590, 595 (9th Cir.1991); *see also Forti v. Suarez–Mason,* 672 F.Supp. 1531, 1549–50 (N.D.Cal.1987). For example, when a plaintiff has been unable to file a complaint with a court of competent jurisdiction due to the extraordinary conditions and circumstances of war, statute of limitations are equitably tolled. *Seattle Audubon Society,* 931 F.2d at 596 (citations omitted).

Defendant's reasons for seeking a sixty day extension of time, however, are not "extraordinary circumstances" that require equitable tolling of the AEDPA's period of limitation. Defendant's first reason for having not yet prepared a timely § 2255 motion is that all of the transcripts from his case have not been made available to him. Defendant, however, has not stated why these transcripts are necessary for the preparation of his motion. Without such an explanation, this Court can hardly conclude that the fact he allegedly does not have all of the transcripts of proceedings related to his conviction and sentence is an "extraordinary circumstance."[2]

Similarly, with respect to his second argument in support of his Motion, Defendant has not stated why a few security lockdowns in his place of incarceration over the last few months have "made it impossible for him to file [his] petition on time." *See Calderon,* 112 F.3d at 391 (citing *Alvarez–Machain,* 107 F.3d at 701). Defendant has only asserted that he has been unable to access the prison's purportedly small law library for an unspecified number of days. Brief security lockdowns, however, could hardly be character-

ized as an "extraordinary circumstance." Even if this Court were to generously assume that Defendant was unable to access the prison law library for two weeks out of the last four months, on October 6, 1997, he will have still had fifty other weeks to prepare a § 2255 motion in his prison's library facilities.

Most importantly, Defendant has not argued that the circumstances that purportedly support his Motion were caused by events over which he had no control. *See Calderon,* 112 F.3d at 391–92 (explaining that the district court did not err when it tolled the AEDPA's period of limitation because the habeas petitioner's first attorney withdrew after diligently preparing a petition for relief, "and much of the work product he left behind was not usable by replacement counsel—a turn of events over which [the petitioner] had no control"). Defendant has had ten months to secure transcripts, locate alleged missing pages of those transcripts, and research legal issues forming the basis for his § 2255 motion on those days when the prison was not in general lockdown. Instead he has apparently been dilatory in setting aside the necessary time for the preparation of that motion, something entirely within his control.

In other words, Defendant's circumstances are not the type of "extraordinary circumstances" that require this Court to equitably toll the AEDPA's one year period of limitation.[3] Thus, Defendant's request for an extension of time should be denied.

## CONCLUSION AND ORDER

This Court, having duly considered Defendant–Movant's Motion For Enlargement Of

---

**2.** Moreover, it has been held that a prisoner does not have an absolute right to a trial transcript to assist him in preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such material only after judicial certification that a transcript is necessary to decide issues presented by a non-frivolous pending case. *See United States v. Lewis,* 605 F.2d 379 (8th Cir.1979) (citations omitted).

**3.** The circumstances surrounding the instant case simply do not compare to the exceptional circumstances that were found to exist in those cases where a court equitably tolled a federal statute. *See, e.g., Alvarez–Machain,* 107 F.3d at 701 (holding that a Mexican national's federal tort claim could be equitably tolled because he

was incarcerated in an English-speaking country and he did not understand English, he was facing a trial for murder, and his case involved numerous, complex issues of first impression which were ultimately decided by the Supreme Court); *see also Seattle Audubon Society,* 931 F.2d at 595 (holding that a limitations period under an environmental statute could be equitably tolled until an appellate court ruled on an appeal because a district court decision had erroneously barred claims that plaintiff sought to litigate); *Glus v. Brooklyn Eastern Dist. Terminal,* 359 U.S. 231, 235, 79 S.Ct. 760, 763, 3 L.Ed.2d 770 (1959) (holding that equitable tolling was appropriate where complainant was misled by adversary as to deadline for filing action).

Time, exhibits attached thereto, the Government's Opposition To Defendant's Motion, and exhibits attached thereto, as well as all other pleadings related to this action,

HEREBY ORDERS THAT:

(1) Defendant-Movant Van Poyck's Motion For Enlargement Of Time Within Which To File 28 U.S.C. § 2255 Motion is DENIED; and

(2) The Clerk of the Court shall serve a copy of this Amended Order on all counsel of record.

SO ORDERED.