**UNITED STATES of America ex rel.
Joseph BARNES, Petitioner,**

v.

**Jerry D. GILMORE, Respondent.**

**No. 97 C 3677.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 26, 1997.

Joseph Barnes, pro se.

Darryl B. Simko, Asst. General Atty., for Respondent.

*MEMORANDUM ORDER*

SHADUR, Senior District Judge.

This Court's November 4, 1997 memorandum opinion and order addressed the motion to dismiss that had recently been filed by Warden Jerry Gilmore ("Gilmore") in this 28 U.S.C. § 2254[1] habeas corpus proceeding initiated by the pro se filing of a Petition by Joseph Barnes ("Barnes"). Gilmore's motion was filed on the predicate that Barnes' Petition had been filed too late, and this Court promptly directed Barnes to file a limited response on that timing issue. Barnes has now done so, and this Court finds that his responsive filing suffices to call for the denial of Gilmore's motion to dismiss.

In addition to the text of Barnes' explanatory response, one of the photocopies that he has attached as his Ex. A confirms that he delivered the Petition to the authorities at Pontiac Correctional Center ("Pontiac," where he is serving his sentence) on April 22, 1997 and that on the following day the required postage for the mailing to this District Court's Clerk's Office was paid out of Barnes' trust fund at Pontiac. Barnes' recital of the ensuing events convincingly explains the time lapse between those April dates and the May 15, 1997 date of the "Received" stamp in the Clerk's Office.

But what this Court finds to be ultimately controlling is that under the "mailbox rule" announced in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) the April 22 and 23 dates themselves suffice to establish the Petition's timeliness.[2] Although the November 4 opinion refers to one District Court opinion that has rejected an extension of *Houston* to the habeas situation (*Burns v. Morton,* 970 F.Supp. 373 (D.N.J. 1997)) and although this Court is aware of

---

1. All further references to Title 28's provisions will simply take the form "Section—."

2. It appears that no one has commented on what seems to be an odd choice of dates in our Court of Appeals' en banc decision in *Lindh v. Murphy,* 96 F.3d 856, 865–66 (7th Cir.1996). Typically cases that address limitation periods tend to exclude the date of the triggering event in the calculation, so that a one-year or multiple-year statute of limitations is considered to run out on an anniversary date of that triggering event. That approach would suggest that a one-year limitation period calculated from the April 24,

1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 would render an outside filing date of April 24, 1997 timely, instead of the April 23 date announced in *Lindh.* But any further consideration of that issue can await a case in which the one-day difference would actually make a difference in the result—it creates no problem here, where Barnes had done whatever he could to cause the Petition's transmittal by April 22 (when he requested the mailing) or April 23 at worst (when the postage was paid out of his account).

another District Court opinion to the same effect, it will rule otherwise in light of the predominant authority that points in the other direction (see, e.g., *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997) (per curiam); *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997); *Parker v. Bowersox,* 975 F.Supp. 1251 (W.D.Mo.1997)).[3]

Because Barnes has thus demonstrated his entitlement to stay in court in the face of a time-bar claim, this Court denies Gilmore's motion to dismiss. As Gilmore has requested at the conclusion of his submission in the event that this Court decided to rule as it now has, Gilmore is ordered to file an Answer addressing the merits of Barnes' claims on or before December 29, 1997.

---

**3.** There is some degree of uncertainty as to the state of the law in the Eighth Circuit—see *Miller v. Benson,* 51 F.3d 166, 169 n. 2 (8th Cir.1995). That court's discussion, as well as the discussion

in *Parker,* confirmed that room exists for arguing each side of the issue. But in this Court's view an across-the-board application of *Houston* is the better approach.