**Jamie HIGGINS, Petitioner-Appellant,**

v.

**Rosie B. GARCIA, Warden, Respondent-Appellee.**

**No. 00–55791.**
**D.C. No. CV–99–05606–DMT.**

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Briggs's request for oral argument.

Submitted April 3, 2002.*

Decided April 16, 2002.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and SHEA,** District Judge.

### MEMORANDUM***

Jamie Higgins appeals the district court's dismissal of his habeas corpus petition. The district court determined that Higgins had not filed within the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). We affirm.

Absent equitable tolling, Higgins cannot proceed because the one-year statute started to run on November 26, 1996,[1] the period from April 18, 1997, to June 26, 1998, is excluded[2] but he did not file his federal habeas corpus petition until June 1, 1999.

Equitable tolling is proper only when "extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *overruled on other grounds in Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc). Thus, it is not available in the mine run of cases. The burden was on Higgins to show that this extraordinary exclusion should apply to him. *See United States v. Marolf*, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999). He did not do that.

Higgins' main point is that for a time his legal materials were not available to him. However, that does not explain why he could not have filed his federal petition, which, of necessity, had to repeat claims already presented to the state court. Taken alone, that limited loss of materials does not justify equitable tolling. *See Posada v. Schomig*, 64 F.Supp.2d 790, 796 (C.D.Ill. 1999), *aff'd, Posada v. Neal*, 234 F.3d 1273 (7th Cir.2000) (unpublished), *cert. denied*, 532 U.S. 945, 121 S.Ct. 1411, 149 L.Ed.2d 353 (2001); *United States v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D.Cal.1997).

The only other excuse Higgins offers is the occasional difficulty of prison lockdowns, which made it hard for him to use the library at times. Prison lockdowns are far from extraordinary, and his mention of them is far from indicating why he was prevented from filing his federal habeas corpus petition on time.[3] It certainly does not explain the long delay in doing so.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999).

2. *See Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000).

3. Indeed, he essentially replicated the petition filed in the state court as his petition in the federal district court.