**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CALVIN WESLEY RILEY,

     Petitioner-Appellant,

v.

TWYLA SNIDER; OKLAHOMA
DEPARTMENT OF CORRECTIONS;
STATE OF OKLAHOMA,

     Respondents-Appellees.

No. 99-6339
(D.C. No. CIV-99-343-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

     Petitioner Calvin Wesley Riley, appearing pro se, seeks a certificate of appealability to challenge the district court's order dismissing his 28 U.S.C. §

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2254 petition as untimely. Because Mr. Riley has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c), we deny the request and dismiss his appeal.

Mr. Riley pled guilty on May 19, 1997, to first degree burglary in state court and was sentenced to ten years imprisonment, three of which were suspended. He applied for state post-conviction relief, which was denied, and then appealed to the Oklahoma Court of Criminal Appeals (OCCA), which rejected the appeal as untimely. Mr. Riley filed a habeas corpus petition in the district court alleging that he was factually innocent of the crime charged, his guilty plea had been defective, and his trial counsel was ineffective. The matter was referred to a magistrate judge, who recommended the petition be denied as untimely filed under 28 U.S.C. § 2244(d). After consideration of Mr. Riley's objections, including the claim of actual innocence, the district court adopted the recommendation and denied the petition.

Mr. Riley's conviction became final on May 29, 1997, for purpose of the one-year statute of limitations contained in § 2244(d)(1). The time Mr. Riley spent pursuing state post-conviction relief tolled the running of the limitations period until December 22, 1997, when the state district court denied the application. *See* 28 U.S.C. § 2244(d)(2). His subsequent appeal to the OCCA did not toll the limitations period, because it was untimely filed. *See Hoggro v. Boone*, 150 F.3d 1223, 1227 n.4 (10th Cir. 1998). Consequently, Mr. Riley had

until approximately June 24, 1998 to file his petition for habeas relief.  He did not file until March 15, 1999.

Mr. Riley argues the limitations period should be equitably tolled, based on the inadequacy of legal materials in the prison library, his lack of legal assistance, and his ignorance of the law.[1]  Section 2244(d) "is not jurisdictional, and as a limitation may be subject to equitable tolling."  *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  However, inmates must diligently pursue their claims in order to avail themselves of this tolling.  *See id.; see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998) (equitable tolling appropriate only "in rare and exceptional circumstances"), *cert. denied*, 119 S. Ct. 1474 (1999); *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights).  Mr. Riley presents us with no evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so.  Rather, it appears to this court that, as in *Miller*, 141 F.3d at 978, he was simply unaware that the months he spent pursuing his time-barred appeal before the OCCA were not tolled for the purposes

---

[1]Mr. Riley claims that requests to transfer to satellite law libraries for research are "rarely granted," and that inmate legal research assistance, "while not prohibited" is "not encouraged."  He does not, however, argue that he ever made a request to use the satellite library or assert that he sought inmate legal research assistance but was prevented from utilizing it.

of the statute of limitations on his petition for habeas corpus.[2]

Mr. Riley also asserts that we should grant equitable tolling based upon his claim of actual innocence, arguing that failure to do so would result in a fundamental miscarriage of justice. This court has implied that actual innocence may be grounds for equitable tolling of the § 2244(d)(1) limitations period. *See id.* "The claim of actual innocence itself is not a constitutional claim, but rather a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

If the evidence that Mr. Riley offers us as proof of his actual innocence were stronger, we would be more inclined to find that he satisfies the fundamental miscarriage of justice exception that excuses a petitioner's procedural default.

---

[2]Mr. Riley's conclusory allegations regarding his lack of access to legal materials are insufficient to justify equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the [prison] lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Nor are his allegations regarding the poor quality of his legal assistance and his own ignorance of the law. *See, e.g., Fadayiro v. United States*, 30 F. Supp.2d 772, 781 (D.N.J. 1998) ("Ignorance of the law does not justify equitable tolling of a statute of limitations."); *Henderson v. Johnson*, 1 F. Supp.2d 650, 656 (N.D.Tex. 1998) (claims that petitioner did not have professional legal assistance are not the extraordinary circumstances required to toll the statute). The Fifth Circuit recently faced a situation similar to the case at bar. In *Felder v. Johnson*, No. 98-21050, 2000 WL 144178 (5th Cir. Feb. 9, 2000), the court refused to apply equitable tolling where an inmate claimed he missed the deadline because he was proceeding pro se and was unaware of relevant case law due to inadequacies in the prison library.

*See id.* ("The fundamental miscarriage of justice exception is available 'only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence.'"). Mr. Riley's evidence consists of (1) a sworn affidavit signed by himself, in which he asserts his innocence, and (2) a sworn affidavit signed by Kim Riley, the owner of the house and his wife, asserting that no crime had occurred. Unlike scientific evidence or verifiable testimony, such self-serving and conclusory statements are insufficient to establish actual innocence, particularly in light of the fact that Mr. Riley admitted he committed the crime when he pled guilty.

Mr. Riley failed to convince us that we should grant him equitable tolling for the habeas corpus petition he filed almost nine months after his statute of limitations expired. There is no indication that he diligently pursued his petition or was prevented from doing so by an extraordinary obstacle. His claim of actual innocence does not satisfy the fundamental miscarriage of justice exception because it is based solely on conclusory statements by two obviously interested parties.

Accordingly, we **DENY** the certificate of appealability and **DISMISS** the petition.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-5-